No. 41,787

Bert R. Harris, as Executor of the Estate of Bessie Belle Harris, a/k/a Bessie B. Harris, Deceased, *Appellant,* v. Fred G. Harris, *Appellee.*

(352 P. 2d 32)

Opinion filed May 14, 1960.

*T. L. O'Hara,* of Wichita, argued the cause, and *Laurence S. Holmes,* of Wichita, was with him on the briefs for the appellant.

*Clarence R. Sowers,* of Wichita, argued the cause, and *John W. Sowers,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to set aside a deed and bring back real property into the estate of a testate decedent. Plaintiff appeals from a judgment refusing to set aside the deed and quieting the defendant's title in and to the property described in that instrument.

The over-all factual picture and claims of the parties appear in brief pleadings, the pertinent portions of which, omitting formal averments, immaterial allegations and prayers, will be quoted and summarized at length.

In the petition the plaintiff, asserting the right to maintain the action as the duly appointed, qualified and acting executor of the last will and testament of Bessie Belle Harris, deceased, alleges:

"2. That the defendant, Fred G. Harris is a resident and citizen of the City of Wichita, Sedgwick County, Kansas, with his true and correct post-office address being 1336 South Broadway, Wichita, Kansas.

"3. The plaintiff further alleges that prior to April 11, 1955, and continuing until her death, a fiduciary relationship existed between Bessie Belle Harris . . ., deceased and her son, Fred G. Harris, the defendant herein, by reason of the fact that Bessie Belle Harris was 84 years old and was suffering from a long and continued illness that finally caused her death and was not able to actively manage her financial affairs due to her lack of business experience.

"4. The plaintiff further alleges that on April 25, 1955 the defendant, Fred G. Harris, schemed and induced Bessie Belle Harris . . ., now deceased to execute and deliver a Warranty Deed to the defendant for a pretended and apported inadequate sale price of $5,000.00. Said deed conveying the interest of Bessie Belle Harris, . . . in and to . . . The south 50 feet of the west half of Lot 27, Emporia Avenue in Zimmerly's Addition to the City of Wichita, Sedgwick County, Kansas; a copy . . . of which is attached . . . and incorporated herein as if pleaded at length . . . but no consideration was in fact then or later paid by the defendant to Bessie Belle Harris, . . . and that this transaction was a breach of the fiduciary relationship which existed between the defendant, Fred G. Harris and the deceased, Bessie Belle Harris, . . . and that by reason thereof this Court should void that transaction."

In his answer defendant admits the appointment of the plaintiff as executor, the time and date of the decedent's death, the second paragraph of the petition and then, answering paragraph four of that pleading, denies specifically "that he schemed and induced Bessie Belle Harris to execute and deliver to him a deed, but alleges and states that this defendant purchased the property described in said paragraph 4 of plaintiff's petition for a good and valuable consideration."

After the sustaining of a motion to make his answer more definite and certain, by setting forth the consideration for the conveyance, defendant filed an amendment to his answer which reads:

"That the consideration alleged in paragraph 3 of defendant's answer was for $1.00 and other good and valuable consideration amounting to at least the value of the property, and for love and affection."

In his reply the plaintiff denies in general terms the allegations of the answer and the amendment.

With issues joined as related the case was tried by the court which, after a short and spirited trial, took the cause under advisement and thereafter rendered a judgment, decreeing the defendant to be the owner of the fee simple title to the real estate and barring the estate from all right, title and interest therein, based on findings of fact and conclusions of law, some of which are factual in character, which read:

"FINDINGS OF FACT

"1. Bert R. Harris is the duly appointed and acting Executor of the Estate of the late Bessie Belle Harris who died September 30, 1955 and whose will was admitted to probate in the Probate Court of Sedgwick County, Kansas, on November 22nd, 1955.

"2. Fred G. Harris is a son and heir of Bessie Belle Harris, deceased, as well as a specific legatee and residual beneficiary under her will.

"3. That on or about January 1, 1955, said Bessie Belle Harris, deceased, turned over the management of all her financial affairs to the said Fred G. Harris.

"4. During a period extending from December, 1954, until her death on September 30, 1955, the said Fred G. Harris assumed the responsibility of caring for and providing for the said Bessie Belle Harris the necessities of life, and did so do.

"5. On April 25, 1955, Bessie B. Harris, of her own free will and volition, and not at the suggestion of Fred G. Harris who was present at the time, employed an attorney, O. W. Helsel, as a scrivener and not as an attorney, to draw a warranty deed conveying to the said Fred G. Harris her home at 1452 South Emporia, Wichita, Sedgwick County, Kansas, the legal description of which is as follows:

"The South 55 feet of the West one-half of Lot 27, Emporia Avenue in Zimmerly Addition to the City of Wichita, Sedgwick County, Kansas.

"Fred G. Harris caused said warranty deed to be recorded on October 19, 1955.

"6. Bessie B. Harris neither sought, received nor needed independent advice from O. W. Helsel.

"7. Bessie B. Harris had mental capacity to execute the deed to Fred G. Harris even though she was afflicted with some disability incident to her advanced age of eighty-three years and she well knew and understood the purport of the instrument and its effect.

"Conclusions of Law

"1. That the mutual love and confidence existing between this mother and her son, together with all the attendant facts and circumstances in this case do not create such a situation of fiducial relationship as to require independent advice requisite to sustaining the execution and delivery of the deed in question.

"2. The weight of the evidence establishes that there was no fraud, deceit or undue influence practiced, or undue advantage taken by Fred G. Harris in his business relations with his mother, and the deed executed and delivered by her to him was for a good and sufficient and valuable consideration and was not a gift.

"3. The evidence offered on behalf of the defendant overcame any presumption of undue influence, duress or fraud.

"4. That by reason of the warranty deed executed and delivered by his mother, Bessie B. Harris, also known as Bessie Belle Harris, on April 25, 1955, said Fred G. Harris became the owner of a fee simple title to said described real estate.

"5. That the estate of Bessie Belle Harris, deceased, be and the same is forever barred from claiming or asserting any right, title or interest in or to said real estate."

Following rendition of the judgment plaintiff filed a motion for a new trial. When it was overruled he perfected the instant appeal.

When reviewed in the light of the pleadings, the findings and conclusions of the trial court, and the contentions advanced by the parties in support of their respective positions with regard to the status of the judgment, all of which have been given careful consideration, we are convinced the record discloses this is a case where that tribunal, on the basis of conflicting but nevertheless substantial competent evidence, resolved, as was its province, all controverted factual issues joined by the pleadings, including those asserted by plaintiff as grounds for relief, in favor of the defendant and against the plaintiff. In such a situation the rule, so well-established as to require no citation of the decisions supporting it, is that the findings and conclusions of the trial court with respect to such factual issues cannot be disturbed and the judgment rendered in accord therewith is proper. And so here, since it clearly appears that the findings and conclusions made by the trial court with respect to the factual issues raised by the pleadings preclude plaintiff from obtaining the relief sought in his petition, the judgment, based on such findings and conclusions, must be upheld.

We find nothing in the record to warrant or justify a reversal of the judgment. Therefore it must be and is hereby affirmed.